**Helen Leydalia MEJIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00912–CR.**

Court of Appeals of Texas,
Houston (1st. Dist.).

Feb. 14, 1991.
Rehearing Denied March 7, 1991.
Discretionary Review Refused
June 19, 1991.

Ronald R. Pope, Sugar Land, for appellant.

Sam Dick, Criminal Dist. Atty., Frank Follis, Jack R. Stern, Asst. Criminal Dist. Attys., for appellee.

Before COHEN, SCHNEIDER and DYESS [1], JJ.

OPINION

COHEN, Justice.

Does a defendant exhibit a deadly weapon during the commission of a murder, by pointing a firearm at the murder victim's companion, while a codefendant murders the victim? We hold that such evidence

---

**1.** The Honorable Arthur D. Dyess, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

will support an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of a murder.

Indicted for capital murder, appellant pled guilty to murder. Pursuant to a plea bargain, the trial court deferred adjudication of guilt and placed her on probation. Subsequently, upon the State's motion to adjudicate guilt, appellant was convicted of murder and sentenced to 40 years imprisonment.

■ Appellant first contends that the trial court erred in appointing a special prosecutor. The Fort Bend County Criminal District Attorney sought the appointment of Robert Bennett as a special prosecutor to be co-counsel on the motion to adjudicate appellant's guilt. Over appellant's objection, the trial court granted the State's motion and appointed Bennett.

Appellant contends that the State neither alleged nor proved any of the grounds required by law for the appointment of a special prosecutor.

Article 2.07(a) of the Code of Criminal Procedure provides:

Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

TEX.CODE CRIM.P.ANN. art. 2.07 (Vernon 1977).

We hold that article 2.07(a) does not apply here. The criminal district attorney was not disqualified, absent, or unable to perform. To the contrary, he was present and performed, representing the State in prosecuting the motion to adjudicate guilt. Mr. Bennett assisted, but did not replace the criminal district attorney. Such an arrangement is not barred by article 2.07.

Point of error one is overruled.

■ In her second point of error, appellant contends that the court erred in finding that she used and exhibited a deadly weapon in committing murder. Appellant first asserts that neither the indictment nor the special pleas here stated the State would seek a deadly weapon finding. Defendants are entitled to notice that the State will seek a deadly weapon finding. *Ex parte Beck*, 769 S.W.2d 525, 526 (Tex. Crim.App.1988); *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex.Crim.App.1987). Appellant contends that the indictment's allegation that she "intentionally and knowingly caused the death by shooting her with a gun" is insufficient notice that a deadly weapon finding would be sought. We disagree. An allegation that death was caused by a named weapon constitutes adequate notice. *Ex parte Beck*, 769 S.W.2d at 526.

■ Appellant further contends the deadly weapon finding is improper because she did not personally use or exhibit a deadly weapon in the commission of the murder, as required by article 42.12, § 3g(a)(2).

Article 42.12, § 3g(a)(2) provides:

(a) The provisions of Section 3 of this Article do not apply: ...

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

TEX.CODE CRIM.P.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1991).

■ If the defendant is guilty as a party only, she must have personally used or exhibited a deadly weapon in order to support the deadly weapon finding. *Reyes v. State*, 741 S.W.2d 414, 432 (Tex.Crim.App. 1987); *Travelstead v. State*, 693 S.W.2d

400, 402 (Tex.Crim.App.1985). Here, Mr. Moers, who was abducted along with Kimberly Strickler, testified that appellant held a .25 caliber handgun on him, while appellant's codefendant shot and killed Strickler. Appellant's personal use and exhibition of a deadly weapon helped make murder possible by preventing Moers from witnessing the murder, by preventing him from rescuing Strickler, and by preventing him from calling for help. This evidence shows that appellant personally used and exhibited a deadly weapon during the commission of Strickler's murder.

Point of error two is overruled.

The judgment is affirmed.

SCHNEIDER, J., not participating.